IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
<u>FLORENCE</u> DIVISION

| | |
|---|---|
| Carol Vaughn Lindenwald,<br><br>         Plaintiff,<br><br>v.<br><br>United States a/k/a United States of America and United States Postal Service,<br>         Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

TO: DEFENDANTS ABOVE NAMED

 Plaintiff, complaining of Defendants, would respectfully show unto this Honorable Court as follows:

 1. Plaintiff Carol Vaughn Lindenwald is a citizen and resident of Horry County, South Carolina.

 2. The United States a/k/a United States of America (hereinafter "United States") is a named Defendant in this action pursuant to 28 U.S.C. § 2679.  The United States Postal Service is a governmental agency organized under the laws of the United States and is subject to suit pursuant to the Federal Tort Claims Act, and upon information and belief, the employer of Warren Keith Hunsicker, who at all times relevant to this action was operating a motor vehicle within the course and scope of his employment with the United States Postal Service.

 3. Defendant United States Postal Service is a federal agency organized and existing as a branch of the United States.

 4. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b) because this is a claim for money damages for personal injury caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or

employment. Venue is also proper pursuant to 28 U.S.C. § 1402(b) because Plaintiff resides in this judicial district and the events giving rise to the claim described herein arose in this judicial district.

5. Plaintiff filed an administrative claim with the United States Postal Service on April 14, 2023, by submitting the claim to the Chief Counsel, Torts for the United States Postal Service at the USPS National Tort Center. The Law Department National Tort Center for the United States Postal Service confirmed receipt of the claim; however, the United States Postal Service has not made final disposition of the claim and Plaintiff has deemed that the agency's failure to make final disposition within six months after the claim was filed constitutes a final denial for the purposes of 28 U.S.C. § 2675.

6. Warren Keith Hunsicker was employed by the federal government (the United States Postal Service and the United States) on or about December 8, 2022, in Horry County, South Carolina, and all times relevant herein was acting within the scope of his office or employment.

7. Plaintiff has completed the prerequisites to filing required by 28 U.S.C. Section 2675.

8. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 2674.

9. The automobile collision, which is the subject matter of this action, occurred in Horry County, South Carolina.

10. That this Honorable Court has jurisdiction over the subject matter to this litigation and venue is proper in this Court, as the most substantial parts of acts and omissions

giving rise to the causes of action occurred in Horry County, South Carolina, which is in this judicial district.

## FACTUAL ALLEGATIONS

11. Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

12. That, on or about December 8, 2022 Plaintiff was operating a 2003 Honda owned by Eileen Mary Benedetto and was traveling south on Malibu Lane in Horry County, South Carolina, with consent and permission, either express or implied of the owner.

13. That, on or about the same date and time, Warren Keith Hunsicker, as employee and agent of Defendant United States and Defendant United States Postal Service, was operating a 2001 Ford traveling south on Malibu Lane in Horry County, South Carolina, with the consent and permission, either express or implied, of the owner.

14. That, on or about the same date and time, Warren Keith Hunsicker executed an improper U-Turn and turned left to proceed north on Malibu Lane causing Plaintiff's vehicle to collide with Defendant's vehicle.

15. That Warren Keith Hunsicker failed to give the proper time and attention to the operation of his motor vehicle and failed to yield to Plaintiff's right of way when Warren Keith Hunsicker caused the crash between his vehicle and Plaintiff's vehicle.

16. That at the time of the collision and all times relevant to this complaint, Warren Keith Hunsicker was acting as an employee, servant and agent of Defendant United States and Defendant United States Postal Service and was acting within the course and scope of his employment with Defendant United States and Defendant United States Postal Service.

17. That such actions on the part of Defendants were the direct and proximate cause of the aforementioned collisions and the injuries sustained by Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
*(Negligence as to all Defendants)*

18. Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

19. That Defendants had, or should have had, adequate opportunity to perceive Plaintiff's vehicle and that the injuries and losses which Plaintiff sustained were directly and proximately caused and occasioned by the negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of Defendants in one or more of the following particulars, to wit:

   a)   In making an improper U-turn;

   b)   In failing to yield the right-of-way of Plaintiff's vehicle;

   c)   In then and there failing to keep a proper look out;

   d)   In driving while distracted;

   e)   In driving said vehicle in a reckless manner which was in willful and wanton disregard for the safety of Plaintiff, all in violation of §56-5-2920 of the Code of Laws of South Carolina (1976, as amended);

   f)   In failing to properly observe the road and traffic conditions;

   g)   In then and there operating a motor vehicle with a reckless disregard for the rights and safety of others, and especially the rights and safety of Plaintiff;

   h)   In failing to yield to the right-of-way in violation of S.C. Code Ann. Sections 56-5-2330 and 56-5-2320 of the Code of Laws of South Carolina (1976, as

amended);

i) In then and there failing to properly maintain and equip the said motor vehicle with adequate and safe brakes and/or steering mechanism, in violation of §56-5-4410 of the Code of Laws of South Carolina (1976, as amended), and if so properly equipped in failing to properly utilize them;

j) In then and there failing to take advantage of any last clear chance to avoid the collision with Plaintiff, when Defendant saw, or should have seen, Plaintiff in the roadway;

k) In then and there colliding with Plaintiff's vehicle;

l) In then and there failing to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar circumstances;

m) In transporting and delivering the United States Postal Mail in a grossly negligent and reckless manner;

n) In failing to transport and deliver the United States Postal Mail in a safe and reasonable manner;

o) In violating the laws, statutes, and ordinances of the State of South Carolina and the United States enacted to protect the safety and health of the motoring public, so as to constitute negligence per se; and

p) In such other particulars as the evidence at trial may show.

Which negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants directly and proximately caused the injuries and losses of Plaintiff as is hereafter set forth.

## FOR A SECOND CAUSE OF ACTION
*(Negligent Entrustment and Agency as to All Defendants)*

20. Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

21. Defendant United States and Defendant United States Postal Service hired Warren Keith Hunsicker to deliver United States mail and to work as an employee and agent of Defendant United States and Defendant United States Postal Service.

22. Defendant United States and Defendant United States Postal Service had a duty to act reasonably in placing drivers to deliver the United States mail, in particular Warren Keith Hunsicker, and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

23. Defendant United States and Defendant United States Postal Service was negligent, grossly negligent, careless, reckless, willful and wanton in the following particulars, to wit:

   a. In negligently entrusting the mail and delivery duties to Warren Keith Hunsicker, when they knew or should have known that he was not a safe driver and used poor judgment when driving a vehicle;

   b. In failing to exercise reasonable care to see that the vehicle being used for its deliveries was in a safe mechanical condition as not to endanger Plaintiff;

   c. In failing to properly train Warren Keith Hunsicker and to make sure that he was capable of operating the subject vehicle and delivering the United States mail in a safe manner;

    d.      That the actions of Warren Keith Hunsicker were done in the course and scope of employment and agency with Defendant United States and Defendant United States Postal Service and that these Defendants are responsible pursuant to the doctrine of *Respondeat Superior*;

    e.      In violating the laws, statutes, and ordinances of the State of South Carolina and the United States enacted to protect the safety and health of the motoring public, so as to constitute negligence per se; and

    f.      In such other particulars as the evidence at trial may show.

Which negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants directly and proximately caused the injuries and losses of Plaintiff as is hereafter set forth.

## FOR A THIRD CAUSE OF ACTION
*(Negligent Hiring, Supervision & Retention as to All Defendants)*

24.    Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

25.    Defendant United States and Defendant United States Postal Service hired Warren Keith Hunsicker to deliver United States mail and to work as an employee and agent of Defendant United States and Defendant United States Postal Service.

26.    Defendant United States and Defendant United States Postal Service had a duty to act reasonably in hiring and retaining Warren Keith Hunsicker and to promulgate and enforce rules and regulations to ensure its drivers and deliveries were reasonably safe.

27.    Defendant United States and Defendant United States Postal Service was negligent, grossly, negligent, carless, reckless, willful and wanton in the following particulars, to wit:

7

a)  In then and there failing to use reasonable care in selecting and retaining competent and fit employees;

b)  In then and there hiring Warren Keith Hunsicker as a driver when they knew or should have known that he was not fit to perform the duties of the job in a safe and proper manner without causing harm to others, specifically this Plaintiff;

c)  In then and there failing to conduct a reasonable investigation to determine if Warren Keith Hunsicker was fit for the work and duties assigned to him;

d)  In then and there failing to provide proper and necessary supervision and monitoring to ensure that Warren Keith Hunsicker performed his duties in a proper and safe manner;

e)  In then and there hiring and retaining Warren Keith Hunsicker as an employee when they knew or should have known that he was unable to conduct himself properly and safely in his capacity as driver;

f)  In then and there hiring and retaining Warren Keith Hunsicker as an employee when they knew or should have known that he was in the habit of conducting himself in a manner dangerous to others;

g)  In then and there hiring and retaining Warren Keith Hunsicker when they knew or should have known that he demonstrated a propensity, proclivity or course of conduct for dangerous and/or tortious behavior;

h)  In then and there retaining Warren Keith Hunsicker as an employee and failing to investigate, discharge or reassign him when they were aware or should have become aware of the problems that indicated his unfitness;

    i)    That the actions of Warren Keith Hunsicker were done in the course and scope of employment and agency with Defendant United States and Defendant United States Postal Service and that these Defendants are responsible pursuant to the doctrine of *Respondeat Superior*;

    j)    In violating the laws, statutes, and ordinances of the State of South Carolina and the United States enacted to protect the safety and health of the motoring public, so as to constitute negligence per se; and

    k)    In such other particulars as the evidence at trial may show.

Which negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants directly and proximately caused the injuries and losses of Plaintiff as is hereafter set forth.

## DAMAGES

28.    Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

29.    That, as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of Defendants, Plaintiff:

    a.  Was severely, seriously, painfully, and permanently injured and scarred;

    b.  Suffered injuries about various parts of her body;

    c.  Was and will be subjected to the administration of strong and potent drugs and medications;

    d.  Suffered extreme and painful injuries to her person from which Plaintiff is informed and believes that she will have permanent adverse effect and disability;

e. Suffered injuries that required medical treatment and will require medical care and treatment in the future;

f. Has incurred and will incur in the future, substantial medical and doctor bills due to her injuries;

g. Was and will be subjected to extreme pain, mental anguish, emotional distress, loss of enjoyment of life, suffering and discomfort over a long period of time;

h. Has been and will be prevented from attending to her usual and ordinary activities of daily living;

i. Has and will suffer a financial loss in the form of wages and future earning capacity;

j. Has incurred disabling damage to her property which have or will cost a significant expense to repair and Plaintiff has suffered losses by way of vehicle property damage, depreciation, rental, and loss of use; and

k. All other damages, including actual, special, and consequential, in an amount to be determined by the trier of facts.

**WHEREFORE, PLAINTIFF RESPECTFULLY DEMANDS THAT:**

a. Plaintiff have judgment against the Defendants United States and United States Postal Service for actual, special, and consequential damages in such fair, just and reasonable amount as may be determined by the presiding judge;

b. A trial by judge pursuant to 28 U.S.C. § 2402; and

c. Plaintiff be awarded costs, fees, and expenses of this action together with such further relief as the Honorable Court may deem just and proper.

*<u>Signature Page Follows</u>*

s/Ian D. Maguire
Ian D. Maguire (Fed ID No. 6282)
Tiffany K. Buffkin (Fed ID No. 13284)
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, South Carolina 29577
Telephone: (843) 361-7549
Facsimile: (843) 361-7048
IDM@MaguireLawFirm.com
***Attorneys for Plaintiff***

Myrtle Beach, South Carolina
Dated: February 12, 2024